UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAZZERICK ANTOINE LONG

        Petitioner,

                                            Case Number 04-10326-BC
v.                                           Honorable David M. Lawson

TOM BELL

        Respondent.
_____/

## ORDER DENYING RESPONDENT'S MOTION TO HOLD CASE IN ABEYANCE AND DIRECTING RESPONSIVE PLEADING

The petitioner, Lazzerick Antoine Long, a state inmate currently incarcerated at the Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is in custody in violation of his constitutional rights. He challenges the state trial court's refusal to appoint him counsel on appeal because his conviction was the result of a guilty plea. This Court ordered a responsive pleading by May 26, 2005. On that day, the respondent filed a motion requesting the Court hold the case in abeyance pending the outcome of *Kowalski v. Tesmer*, *cert. granted*, 540 U.S. 1148 (2004). Because the Supreme Court decided *Kowalski* on December 14, 2004, *see Kowalski v. Tesmer*, 543 U.S. 125 (2004), some six months *before* the respondent filed its motion and the ultimate issue presented in *Kowalski* has since been decided by the Supreme Court, the Court will deny the respondent's request.

The issue in *Kowalski* was similar to the one presented in this case: whether the State of Michigan can deny, as a general practice codified by statute, appellate counsel to an indigent defendant following a plea-based conviction. However, the Supreme Court did not reach that ultimate question. The Court found that the plaintiffs, attorneys acting on behalf of unknown

indigent clients, lacked standing to bring suit. Michigan's practice of denying appellate counsel ultimately was found unconstitutional in *Halbert v. Michigan*, 125 S.Ct. 2582 (2005) (holding that the Due Process and Equal Protection Clauses require appointment of counsel for indigent defendants, convicted on their pleas, who seek access to appellate review in the Michigan Court of Appeals). As a result, the respondent's motion in this case is untimely in the first instance and otherwise moot. Because the Supreme Court has conclusively resolved the issue of appellate counsel for indigent defendants who plead guilty in the petitioner's favor, there is no need to hold the case in abeyance.

Accordingly, it is **ORDERED** that the respondent's motion to hold case in abeyance [dkt # 5] is **DENIED**.

Dated: February 23, 2006               s/David M. Lawson
                                       DAVID M. LAWSON
                                       United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 23, 2006.

                                       s/Tracy A. Jacobs
                                       TRACY A. JACOBS